|  |  |  |
|---|---|---|
| NICOLE DAVIS, on behalf of herself and all others similarly situated | ) ) ) ) | **United States District Court Northern District of Illinois** |
| Plaintiffs, | ) ) ) ) | CLASS ACTION COMPLAINT |
| v. | ) ) ) | |
| Home Wet Bar, LLC, | ) ) | Case No.: 1:25-cv-14996 |
| Defendant. | ) ) | Hon. Charles P. Kocoras |

## FIRST AMENDED COMPLAINT

1)	Plaintiff, NICOLE DAVIS ("Plaintiff" or "DAVIS"), brings this action on behalf of herself and all other persons similarly situated against Home Wet Bar, LLC ( "Home Wet Bar" or "Defendant"), and states as follows:

2)	Plaintiff is a visually-impaired and legally blind person who requires screen-reading software to read website content using her computer. Plaintiff uses the terms "blind" or "visually-impaired" to refer to all people with visual impairments who meet the legal definition of blindness in that they have a visual acuity with correction of less than or equal to 20 x 200. Some blind people who meet this definition have limited vision; others have no vision.

3)	Based on a 2010 U.S. Census Bureau report, approximately 8.1 million people in the United States are visually impaired, including 2.0 million who are blind, and according to the American Foundation for the Blind's 2019 report, approximately 260,000 visually impaired persons live in the State of Illinois.

4)	Plaintiff brings this civil rights action against Home Wet Bar for their failure to design, construct, maintain, and operate their website to be fully accessible to and independently usable by Plaintiff and other blind or visually-impaired persons. Defendant is denying blind and

1

visually impaired persons throughout the United States with equal access to the goods and services Home Wet Bar provides to their non-disabled customers through https://homewetbar.com (hereinafter "Homewetbar.com" or "the website"). Defendant's denial of full and equal access to its website, and therefore denial of its products and services offered, and in conjunction with its physical locations, is a violation of Plaintiff's rights under the Americans with Disabilities Act (the "ADA").

5) Homewetbar.com provides to the public a wide array of the goods, services, price specials and other programs offered by Home Wet Bar. Yet, Homewetbar.com contains significant access barriers that make it difficult if not impossible for blind and visually-impaired customers to use the website. In fact, the access barriers make it impossible for blind and visually-impaired users to even complete a transaction on the website. Thus, Home Wet Bar excludes the blind and visually-impaired from the full and equal participation in the growing Internet economy that is increasingly a fundamental part of the common marketplace and daily living. In the wave of technological advances in recent years, assistive computer technology is becoming an increasingly prominent part of everyday life, allowing blind and visually-impaired persons to fully and independently access a variety of services.

6) The visually impaired have an even greater need than the sighted to shop and conduct transactions online due to the challenges faced in mobility. The lack of an accessible website means that visually impaired people are excluded from experiencing transacting with Defendant's website and from purchasing goods or services from Defendant's website.

7) Despite readily available accessible technology, such as the technology in use at other heavily trafficked retail websites, which makes use of alternative text, accessible forms, descriptive links, resizable text and limits the usage of tables and JavaScript, Defendant has chosen

2

to rely on an exclusively visual interface. Home Wet Bar's sighted customers can independently browse, select, and buy online without the assistance of others. However, visually impaired persons must rely on sighted companions to assist them in accessing and purchasing on Homewetbar.com.

8)     By failing to make the website accessible to visually impaired persons, Defendant is violating basic equal access requirements under both state and federal law.

9)     Congress provided a clear and national mandate for the elimination of discrimination against individuals with disabilities when it enacted the ADA. Such discrimination includes barriers to full integration, independent living and equal opportunity for persons with disabilities, including those barriers created by websites and other public accommodations that are inaccessible to blind and visually impaired persons.

10)    Plaintiff browsed and intended to make an online purchase of smoker wood chips on Homewetbar.com. Despite her efforts, however, Plaintiff was denied a shopping experience like that of a sighted individual due to the Website's lack of a variety of features and accommodations. Unless Defendant remedies the numerous access barriers on its website, Plaintiff and Class members will continue to be unable to independently navigate, browse, use, and complete a purchase on Homewetbar.com.

11)    Specifically, Plaintiff visited Defendant's Website and attempted to purchase the 3-piece Cocktail Wood chips set—a product offered for sale on Defendant's Website that includes three types of wood chips. Plaintiff navigated to the product page, attempted to review product details, including the flavor profiles, and proceed toward purchase but was unable to complete the transaction due to accessibility barriers. But for these barriers, Plaintiff would have completed the purchase at that time.

12) Plaintiff has actual knowledge of the accessibility barriers encountered on Defendant's Website. Plaintiff routinely shops online for purposes of making purchases—whether for herself or someone known to her, including the item at issue here. Plaintiff intends to return to Defendant's Website in the near future to complete this purchase once the accessibility barriers are remedied. The intended purchase is tied to a specific, real-world transaction for a known recipient, and is not hypothtical or exploratory. However, Plaintiff is presently deterred from doing so because those accessibility barriers continue to exist, thereby causing ongoing and imminent injury.

13) Because Defendant's website, Homewetbar.com, is not equally accessible to blind and visually-impaired consumers, it violates the ADA. Plaintiff seeks a permanent injunction to cause a change in Home Wet Bar's policies, practices, and procedures to that Defendant's website will become and remain accessible to blind and visually-impaired consumers. This First Amended eComplaint also seeks compensatory damages to compensate Class members for having been subjected to unlawful discrimination.

## JURISDICTION AND VENUE

14) This Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1331 and 42 U.S.C. § 12182, as Plaintiff's claims arise under Title III of the ADA, 42 U.S.C. § 12182, et seq.

15) Further, personal jurisdiction is governed by Federal Rules of Procedure 4(k), which permits a federal court to exercise jurisdiction to the same extent as a court of the state in which it sits. Illinois' lon-arm statute, 735 ILCS 5/2-209, extends jurisdiction to the full limits of due process. Accordingly, the inquiry collapses into whether Defendand had sufficient minimum

contacts with Illinois such that the exercise of jurisdiction comports with traditiaonl notions of fair play and substantial justice. *See International Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945).

16) Here, Plaintiff does not rely on the passive accessibility of Defendant's Website or the theoretical possibility of shipment. Rather, Defendant purposefully availed itself of the privilege of conducting business in Illinois by operating a fully commercial, interactive (again, not passive) website through which consumers—including those in Illinois, like Plaintiff—can browse products, enter into transations, and purchase good directly on Defendant's Website. Upon information and belief, Defendant derives revenue from such transactions.

~~14)~~17) Plaintiff's injury arise directly from those forum-directed activities because Plaintiff, while located in Illinois, accessed Defendant's Website to purchase a product but was denied equal access due to accessibility barriers. This actual, forum-based transaction attempe establishes purposesful availment and a direct nexus between Defendant's forum contacts and Plaintiff's injury.

~~15)~~18) Venue is proper in this district under 28 U.S.C. §1391(b)(1) and (2) because Defendant conducts and continues to conduct a substantial and significant amount of business in this District, and a substantial portion of the conduct complained of herein occurred in this District because Plaintiff attempted to utilize, on a number of occasions, the subject Website within this Judicial District.

~~16)~~19) Defendant is registered to do business in the State of Oklahoma and has also been conducting business in the State of Illinois, including in this District. Defendant has been and is committing the acts or omissions alleged herein in the Northern District of Illinois that caused injury and violated rights the ADA prescribes to Plaintiff and to other blind and other visually impaired-consumers. A substantial part of the acts and omissions giving rise to Plaintiff's claims

occurred in this District: on several separate occasions, Plaintiff has been denied the full use and enjoyment of the facilities, goods and services offered to the general public, on Defendant's Website in Cook County. These access barriers that Plaintiff encountered have caused a denial of Plaintiff's full and equal access multiple times in the past, and now deter Plaintiff on a regular basis from accessing the Defendant's Website in the future.

17)20) The United States Department of Justice Civil Rights Division has recently provided "Guidance on Web Accessibility and the ADA." It states in part, "the Department has consistently taken the position that the ADA's requirements apply to all the goods, services, privileges, or activities offered by public accommodations, including those offered on the web."

18)21) This Court is empowered to issue a declaratory judgment under 28 U.S.C. §§ 2201 and 2202.

19)22) This lawsuit is aimed at providing visually impaired users like the Plaintiff a full and equal experience.

## THE PARTIES

20)23) Plaintiff, is and has been at all relevant times a resident of Cook County, State of Illinois.

21)24) Plaintiff is legally visually impaired and a member of a protected class under the ADA, 42 U.S.C. § 12102(l)-(2), the regulations implementing the ADA set forth at 28 CFR §§ 36.101 et seq. Plaintiff, NICOLE DAVIS, cannot use a computer without the assistance of screen reader software. Plaintiff has been denied the full enjoyment of the facilities, goods and services of Homewetbar.com as a result of accessibility barriers on Homewetbar.com.

22)25) Defendant, Home Wet Bar, LLC, is a Oklahoma Limited Liability Company doing business in this State with its principal place of business located at 425 East Hill Street, Oklahoma City, OK 73105.

23)26) Home Wet Bar provides to the public a website known as Homewetbar.com which provides consumers with access to an array of goods and services, including, the ability to view a variety of personalized barware and gifts, including engraved glassware, cocktail accessories, whiskey smokers, decanters, flasks, bar signs, leather drink accessories. Consumers across the United States use Defendant's website to purchase personalized gifts and barware. Defendant's website is a place of public accommodation within the definition of Title III of the ADA, 42 U.S.C. § 12181(7). The inaccessibility of Homewetbar.com has deterred Plaintiff from making an online purchase of smoker wood chips.

## NATURE OF THE CASE

24)27) The Internet has become a significant source of information, a portal, and a tool for conducting business, doing everyday activities such as shopping, learning, banking, researching, as well as many other activities for sighted, blind and visually-impaired persons alike.

25)28) Visually impaired individuals access websites by using keyboards in conjunction with screen-reading software which vocalizes visual information on a computer screen. Except for a visually impaired person whose residual vision is still sufficient to use magnification, screen access software provides the only method by which a visually impaired person can independently access the Internet. Unless websites are designed to allow for use in this manner, visually impaired persons are unable to fully access Internet websites and the information, products and services contained therein.

26)29) For screen-reading software to function, the information on a website must be capable of being rendered into text. If the website content is not capable of being rendered into text, the visually impaired user is unable to access the same content available to sighted users.

27)30) Visually impaired users of Windows operating system-enabled computers and devices have several screen-reading software programs available to them. Job Access With Speech, otherwise known as "JAWS", is currently one of the most popular, and downloaded screen-reading software programs.

28)31) The international website standards organization, the World Wide Web Consortium, known throughout the world as W3C, has published version 2.2 of the Web Content Accessibility Guidelines ("WCAG 2.2"). WCAG 2.2 are well-established guidelines for making websites accessible to blind and visually-impaired persons. These guidelines are universally followed by most large business entities and government agencies to ensure their websites are accessible. Many Courts have also established WCAG 2.2 as the standard guideline for accessibility. The federal government has also promulgated website accessibility standards under Section 508 of the Rehabilitation Act. These guidelines are readily available via the Internet, so that a business designing a website can easily access them. These guidelines recommend several basic components for making websites accessible, including but not limited to: adding invisible alt-text to graphics, ensuring that all functions can be performed using a keyboard and not just a mouse, and ensuring that image maps are accessible, and adding headings so that visually impaired persons can easily navigate the site. Without these very basic components, a website will be inaccessible to a visually impaired person using a screen reader. Websites need to be accessible to the "least sophisticated" user of screen-reading software and need to be able to work with all browsers. Websites need to be continually updated and maintained to ensure that they remain fully accessible.

**FACTUAL ALLEGATIONS**

29)32) Defendant controls and operates Homewetbar.com in the State of Illinois and throughout the United States.

30)33) Homewetbar.com is a commercial website that offers products and services for online sale. The online store allows the user to view personalized gifts and barware, make purchases, and perform a variety of other functions.

31)34) Among the features offered by Homewetbar.com are the following:

a)      An online store, allowing customers to purchase a variety of personalized barware and gifts, including engraved glassware, cocktail accessories, whiskey smokers, decanters, flasks, bar signs, leather drink accessories, and other products for delivery to their doorsteps, and;

b)      Learning about shipping and return policies, reading customer reviews, reading blog posts,, and learning about the company, amongst other features.

32)35) This case arises out of Home Wet Bar's policy and practice of denying visually impaired individuals access to the goods and services offered by Homewetbar.com. Due to failure Home Wet Bar's and refusal to remove access barriers to Homewetbar.com, visually impaired individuals have been and are being denied equal access to Home Wet Bar as well as to the numerous goods, services and benefits offered to the public through Homewetbar.com.

33)36) Home Wet Bar denies the visually impaired access to goods, services and information made available through Homewetbar.com by preventing them from freely navigating Homewetbar.com.

34)37) Homewetbar.com contains access barriers that prevent free and full use by Plaintiff and visually impaired persons using keyboards and screen-reading software. These barriers are pervasive and include, but are not limited to: : inaccurate landmark structure, ~~inaccurate heading hierarchy,~~ inadequate focus order, changing of content without advance warning, redundant links where adjacent links go to the same URL address, and the requirement that transactions be performed solely with a mouse.

35)38) Upon information and belief, Defendant's Website continues to contain accessibility barriers. Websites are dynamic in nature, and content is frequently updated; accordingly, absent injunctive relief, Plaintiff will continue to encounter accessibility barriers when attempting to access Defendant's Website in the future, Simply put, these accessibility barriers will continue to prevent Plaintiff from purchasing her intended gift—the 3-piece Cocktails Wood Chips set, which includes three different types of wood chips.

36)39) Alternative text ("Alt-text") is invisible code embedded beneath a graphical image on a website. Web accessibility requires that alt-text be coded with each picture so that a screen-reader can speak the alternative text while sighted users see the picture. Alt-text does not change the visual presentation except that it appears as a text pop-up when the mouse moves over the picture. There are many important pictures on Homewetbar.com that lack a text equivalent. The lack of alt-text on these graphics prevents screen readers from accurately vocalizing a description of the graphics (screen-readers detect and vocalize alt-text to provide a description of the image to a visually impaired computer user). As a result, Plaintiff and visually impaired Homewetbar.com customers are unable to determine what is on the website, browse the website or investigate and/or make purchases.

10

37)40) Homewetbar.com also lacks prompting information and accommodations necessary to allow visually impaired shoppers who use screen-readers to locate and accurately fill-out online forms. Due to lack of adequate labeling, Plaintiff and visually impaired customers cannot make purchases or inquiries as to Defendant's merchandise, nor can they enter their personal identification and financial information with confidence and security.

38)41) When visiting the Website, Plaintiff, using JAWS, encountered the following specific accessibility issues:

a) Landmarks were not properly inserted into the home page, and failed to provide access to the main and navigation regions of the Website. Plaintiff tried to navigate the home page using landmarks but could not access its main regions because of landmark inaccurate markup;

b) Heading hierarchy was not properly defined, and there were missing heading levels. As a result, quick navigation through headings on the website did not help Plaintiff effectively find the content and understand the logical structure of the home page

eb) When opening a dialog, focus order did not move from trigger button to dialog items. Plaintiff was confused whileduring navigation through, encountering information in an inconsistent order with the meaning of the content that could not be operated from the keyboard;.

cd) The Carousel region from the website did not comply with necessary accessibility standards, including but not limited to the absence of navigation controls, while encountering inconsistent focus in an order that follows the visual

11

layout of the page. Thus, Plaintiff could not control the moving content on the home page;

de) Plaintiff was forced to repeatedly tab through multiple elements with the same destination due to the failure : thein -link structure specifically, the product image links text of products conveyed similar information and led Plaintiff to the same destinations as interactive images appearing above the links;

ef) Plaintiff was disoriented when the automatic pop-up window implemented without prior alert appeared on the web page. Plaintiff, as a legally blind user, had significant difficulty knowing when automatic visual context change had occurred, including the sudden appearance of a new window; such as a new window popping up;

fg) After adding the selected item to the Cart, it did not announce its value information. Thus, Plaintiff did not have sufficient information to know whether the product selection was successful and how many items were placed to the Cart;

gh) The interactive element with "button" functioning was programmatically built using inappropriate tags and did not have the correct "role". Plaintiff received inaccurate and ambiguous information regarding theabout the purpose of the element in focus, causing significant confusion..

39)42) Consequently, visually impaired customers are essentially prevented from purchasing any items on Homewetbar.com.

40)43) Homewetbar.com requires the use of a mouse to complete a transaction. Yet, it is a fundamental tenet of web accessibility that for a web page to be accessible to Plaintiff and visually

impaired people, it must be possible for the user to interact with the page using only the keyboard. Indeed, Plaintiff and visually impaired users cannot use a mouse because manipulating the mouse is a visual activity of moving the mouse pointer from one visual spot on the page to another. Thus, Homewetbar.com's inaccessible design, which requires the use of a mouse to complete a transaction, denies Plaintiff and visually impaired customers the ability to independently navigate and/or make purchases on Homewetbar.com.

41)44) Due to Homewetbar.com's inaccessibility, Plaintiff and visually impaired customers must in turn spend time, energy, and/or money to make their purchases at traditional brick-and mortar retailers. Some visually impaired customers may require a driver to get to the stores or require assistance in navigating the stores. By contrast, if Homewetbar.com was accessible, a visually impaired person could independently investigate products and make purchases via the Internet as sighted individuals can and do. According to WCAG 2.2 Guideline 2.4.2 'Focus Order', the focus must move in a predictable and logical order through all interactive elements on the page. Ensuring proper focus order enables users, including those using assistive technologies such as screen readers or keyboard-only navigation, to navigate the content efficiently. If the focus order is not logically structured, users may become disoriented, making it difficult for them to understand or interact with the page's elements. This can significantly impair the accessibility and usability of a website for individuals with disabilities. Thus, Home Wet Bar has inaccessible design that deprives the Plaintiff and visually impaired customers of the opportunity to make purchases on Homewetbar.com on their own.

42)45) Homewetbar.com thus contains access barriers which deny the full and equal access to Plaintiff, who would otherwise use Homewetbar.com and who would otherwise be able to fully

13

and equally enjoy the benefits and services of Homewetbar.com in Illinois State and throughout the United States.

43)46) Plaintiff, NICOLE DAVIS, has made an attempt to complete a purchase on Homewetbar.com. She was looking for a unique cocktail accessory as a gift for her friend. On August 15, 2025, she searched Google for online stores offering specialty cocktail accessories and came across Homewetbar.com, which offers unique cocktail accessories and personalized gifts, making it an excellent destination for finding distinctive presents. While exploring their offerings, she decided to purchase the 3-piece Cocktail Smoker Wood Chips set, which includes three different types of wood chips designed to add rich, smoky flavors to cocktails that are perfect for enhancing the aroma and taste of drinks. However, as she navigated the website and tried to complete her purchase, she encountered multiple accessibility barriers that significantly hindered her ability to proceed. Specifically, an automatic pop-up appeared on the website without any prior warning, disrupting her browsing experience. In addition, multiple images and links had identical and repetitive alternative text and destinations, forcing her to tab through the same content repeatedly. Furthermore, when she attempted to add the product to her cart, the screen focus did not shift from the "Add to Cart" button to the confirmation dialog box. As a result, she became disoriented and confused, and was unable to continue navigating using her keyboard. Due to these accessibility issues, the Plaintiff was unable to effectively browse the website using her screen reader software and was ultimately prevented from completing the purchase of her desired product. These access barriers have caused Homewetbar.com to be inaccessible to, and not independently usable by, blind and visually-impaired persons.

44)47) Moreover, Plaintiff will visit the website again immediately upon Defendant correcting the numerous accessibility barriers on it. Plaintiff is interested in unique cocktail

14

accessories that can be special and memorable gifts for various occasions and appreciates that Homewetbar.com specializes in such products. Company offers whiskey glasses, cocktail kits, smokers, and custom bar tools to make home bartending an entertaining experience. Additionally, the website provides helpful resources like cocktail recipes, mixing tips, and gift guides to help customers make the most of their barware and create great drinks. Therefore, Plaintiff would like to order products to be shipped directly to her home from Defendant's website. If the Court does not intervene, Plaintiff's injury will continue. Plaintiff still wants to purchase smoker wood chips on the website.

45)48) As described above, Plaintiff has actual knowledge of the fact that Defendant's website, Homewetbar.com, contains access barriers causing the website to be inaccessible, and not independently usable by, visually impaired individuals.

46)49) These barriers to access have denied Plaintiff full and equal access to, and enjoyment of, the goods, benefits and services of Homewetbar.com.

47)50) Defendant engaged in acts of intentional discrimination, including but not limited to the following policies or practices:

    a)    constructed and maintained a website that is inaccessible to visually impaired class members with knowledge of the discrimination; and/or

    b)    constructed and maintained a website that is sufficiently intuitive and/or obvious that is inaccessible to visually impaired class members; and/or

    c)    failed to take actions to correct these access barriers in the face of substantial harm and discrimination to visually impaired class members.

15

51) Defendant utilizes standards, criteria or methods of administration that have the effect of discriminating or perpetuating the discrimination of others.

52) Any purported accessibility policy maintained by Defendant is insufficient and inadequately implemented or ineffective in practice, as demonstrated by the ongoing numerous accessibility barriers on Defendant's Website. Upon information and belief, he continued presence of these barriers demonstrates that Defendant has failed to meaningfully implement, monitor, or enforce its accessibility policy, and has not taken adequate steps to ensure ongoing compliance with accepted accessibility standards, including the WCAG 2.2.

53) To the extent Defendant contens that Plaintiff failed to seek a reasonable modification, such argument fails as a matter of law. Under 42 U.S.C. § 12182(b)(2)(A)(ii), Plaintiff was not required to request modification where the Website's design itself presented accessibility barriers. Defendant's faiure to ensure accessible design of its Website constitute discrimination independent of any request by Plaintiff.

54) Because of Defendant's denial of full and equal access to, and enjoyment of, the goods, benefits and services of Homewetbar.com, Plaintiff and the class have suffered an injury-in-fact which is concrete and particularized and actual and is a direct result of Defendant's conduct.

48)55) Further, Plaintiff's injury is traceable to Defendant's failure to provide an accessible Webiste. The requested injunctive relief—requiring Defendant to remove the accessibility barriers as decribed in Plaintiff's First Amended Complaint—would redress Plaintiff's injury by allowing her to complete the intended purchase.

49) Defendant owed a duty of care to Plaintiff as a user of its website. Moreover, Defendant knew or should have known that there was a likelihood of harm to Plaintiff as a result of its failure to maintain an accessible website for individuals with disabilities.

16

50) Defendant breached that duty of care by failing to maintain an accessible website for visually impaired individuals.

51) Defendant could reasonably foresee that the inaccessibility of its website could cause severe emotional distress in people with disabilities.

52) As a result of direct and proximate cause of Defendant's conduct, Plaintiff suffers interference with daily activities, as well as emotional distress, including, without limitation, emotional and mental anguish, violation of privacy, humiliation, stress, anger, frustration, embarrassment, and anxiety.

## CLASS ACTION ALLEGATIONS

53)56) Plaintiff, on behalf of herself and all others similarly situated, seeks certification of the following nationwide class pursuant to Rule 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure: "all legally blind individuals in the United States who have attempted to access Homewetbar.com and as a result have been denied access to the enjoyment of goods and services offered by Homewetbar.com, during the relevant statutory period."

54)57) There are common questions of law and fact common to the class, including without limitation, the following:

  (a) Whether Homewetbar.com is a "public accommodation" under the ADA;

  (b) Whether Defendant, through its website, Homewetbar.com, denies the full and equal enjoyment of its goods, services, facilities, privileges, advantages, or accommodations to people with visual disabilities in violation of the ADA;

55)58) Plaintiff's claims are typical of the Class. The Class, similarly to the Plaintiff, are severely visually impaired or otherwise blind, and claim that Defendant has violated the ADA by

17

failing to update or remove access barriers on its Website so either can be independently accessible to the Class.

~~56)~~59) Plaintiff will fairly and adequately represent and protect the interests of the members of the Class because Plaintiff has retained and is represented by counsel competent and experienced in complex class action litigation, and because Plaintiff has no interests antagonistic to the members of the class. Class certification of the claims is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Defendant has acted or refused to act on grounds generally applicable to the Class, making appropriate both declaratory and injunctive relief with respect to Plaintiff and the Class as a whole.

~~57)~~60) Alternatively, class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to Class members clearly predominate over questions affecting only individual class members, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

~~58)~~61) Judicial economy will be served by maintaining this lawsuit as a class action in that it is likely to avoid the burden that would be otherwise placed upon the judicial system by the filing of numerous similar suits by people with visual disabilities throughout the United States.

**FIRST CAUSE OF ACTION**
***Violation the Americans with Disabilities Act ("ADA")***

~~59)~~62) Plaintiff, on behalf of herself and the Class Members, repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

~~60)~~63) Title III of the American with Disabilities Act of 1990, 42 U.S.C. § 12182(a) provides that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a

18

place of public accommodation." Title III also prohibits an entity from "[u]tilizing standards or criteria or methods of administration that have the effect of discriminating on the basis of disability." 42 U.S.C. § 12181(b)(2)(D)(I).

61)64) Homewetbar.com is a sales establishment and public accommodation within the definition of 42 U.S.C. §§ 12181(7).

62)65) Defendant is subject to Title III of the ADA because it owns and operates Homewetbar.com.

63)66) Under Title III of the ADA, 42 U.S.C. § 12182(b)(1)(A)(I), it is unlawful discrimination to deny individuals with disabilities or a class of individuals with disabilities the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity.

64)67) Under Title III of the ADA, 42 U.S.C. § 12182(b)(1)(A)(II), it is unlawful discrimination to deny individuals with disabilities or a class of individuals with disabilities an opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodation, which is equal to the opportunities afforded to other individuals.

65)68) Specifically, under Title III of the ADA, 42 U.S.C. § 12182(b)(2)(A)(II), unlawful discrimination includes, among other things, "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages or accommodations."

66)69) In addition, under Title III of the ADA, 42 U.S.C. § 12182(b)(2)(A)(III), unlawful discrimination also includes, among other things, "a failure to take such steps as may be necessary

to ensure that no individual with disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden."

67)70) There are readily available, well-established guidelines on the Internet for making websites accessible to the blind and visually-impaired. These guidelines have been followed by other business entities in making their websites accessible, including but not limited to ensuring adequate prompting and accessible alt-text. Incorporating the basic components to make their website accessible would neither fundamentally alter the nature of Defendant's business nor result in an undue burden to Defendant.

68)71) The acts alleged herein constitute violations of Title III of the ADA, 42 U.S.C. § 12101 et seq., and the regulations promulgated thereunder. Patrons of Home Wet Bar who are visually impaired have been denied full and equal access to Homewetbar.com, have not been provided services that are provided to other patrons who are not disabled, and/or have been provided services that are inferior to the services provided to non-disabled patrons.

69)72) Defendant has failed to take any prompt and equitable steps to remedy its discriminatory conduct. These violations are ongoing.

70)73) As such, Defendant discriminates, and will continue in the future to discriminate against Plaintiff and members of the proposed class and subclass on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, accommodations and/or opportunities of Homewetbar.com in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181 et seq. and/or its implementing regulations.

71)74) Unless the Court enjoins Defendant from continuing to engage in these unlawful practices, Plaintiff and members of the proposed class and subclass will continue to suffer irreparable harm.

72)75) The actions of Defendant were and are in violation of the ADA, and therefore Plaintiff invokes her statutory right to injunctive relief to remedy the discrimination.

73)76) Under 42 U.S.C. § 12188 and the remedies, procedures, and rights set forth and incorporated therein, Plaintiff, requests relief as set forth below.

**SECOND CAUSE OF ACTION**
***Declaratory Relief***

74)77) Plaintiff, on behalf of herself and the Class Members, repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

75)78) An actual controversy has arisen and now exists between the parties in that Plaintiff contends, and is informed and believes that Defendant denies, that the Website contains access barriers denying visually impaired customers the full and equal access to the products, services and facilities of its website, which Defendant owns, operates and controls, fails to comply with applicable laws including, but not limited to, Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12182, et seq.

76)79) A judicial declaration is necessary and appropriate at this time in order that each of the parties may know their respective rights and duties and act accordingly.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully demands judgment in favor of Plaintiff and the class and against the Defendants as follows:

21

a)  A preliminary and permanent injunction to prohibit Defendant from violating the Americans with Disabilities Act, 42 U.S.C. §§ 12182, et seq., and the laws of Illinois;

b)  A preliminary and permanent injunction requiring Defendant to take all the steps necessary to make the Website, Homewetbar.com, into full compliance with the requirements set forth in the ADA, and its implementing regulations, so that Homewetbar.com is readily accessible to and usable by visually impaired individuals;

c)  A declaration that Defendant owns, maintains, and operates the Website in a manner that discriminates against the visually impaired and which fails to provide access for persons with disabilities as required by Americans with Disabilities Act, 42 U.S.C. §§ 12182, and the laws of Illinois;

d)  An order certifying this case as a class action under Fed. R. Civ. P. 23(a) & (b)(2) and/or (b)(3), appointing Plaintiff as Class Representative, and her attorneys as Class Counsel;

e)  Pre- and post-judgment interest;

f)  An award of costs and expenses of this action together with reasonable attorneys' and expert fees;

g)  Such other and further relief as this Court deems just and proper.

Dated:  ~~December 3, 2025~~ April 1, 2026

EQUAL ACCESS LAW GROUP PLLC
**/s/ Alison Chan**
By: Alison Chan, Esq.
68-29 Main Street, Flushing, NY 11367
O: 844-731-3343|  D: 929-442-2154
Email: Achan@ealg.law
*Attorneys for Plaintiff*

22